PFEIFER VS. THE SHEBOYGAN & FOND DU LAC RAILROAD CO.,
impleaded with another.

The plaintiff's land was appropriated by a railroad company for its roadway, and the damages assessed by commissioners under its charter, and a judgment for the amount rendered in the plaintiff's favor on an appeal to the circuit court. Before the judgment was paid, the railroad was sold under a mortgage, (which covered, among other things, the company's right of way,) to persons who organized a new company pursuant to the statute, and continued to operate the road, using the track as laid across the plaintiff's land. *Held*, that the plaintiff had a right of action on the judgment, against the new company.

If the new company had asserted no right to use the plaintiff's land under its purchase, it would not have been liable on the judgment.

But its taking possession of the land and assertion of a right to use the same, was an election to adopt the original taking and receive the benefit thereof; and subjected it to the conditions under which that right existed in favor of the old company.

Perhaps the plaintiff might have treated either company as a trespasser *ab initio*, if, while using his land, it neglected for an unreasonably long time to pay the damages adjudged to him; but it did not rest with the old company to claim the character of a mere wrong-doer, after proceedings had to condemn the land; nor with the new to claim that character, after taking and using the land under its purchase.

APPEAL from the Circuit Court for *Sheboygan* County.

The facts alleged in the complaint in this action and proven at the trial, will sufficiently appear from the opinion of this court. The *Sheboygan & F. du L. Railroad Company* objected to the admission of any evidence against it at the trial, on the ground that the complaint did not state a cause of action against it; and, after the plaintiff had rested, moved for a nonsuit on the same ground, and also on the ground that the facts proved were not sufficient to charge it with any liability to the plaintiff. Motion denied. Verdict for the plaintiff, and judgment against said company upon the verdict; from which it appealed.

*J. A. Bentley*, for appellant:

The bond-holders loaned their money to the Sheboygan & Mississippi R. R. Co., and took the mortgage bonds for their security. Having been so unfortunate as to be obliged to take

the mortgaged property for the debt, the plaintiff asks that they shall be held bound to pay the debts which their debtor owes to others. Suppose the appellant should ask the court that the owners of the lands over which the road passes, whose claims for land damages are unsettled, should pay the bonds of the company and take the road; would not that be as equitable as the present demand by the respondent? The legislature has recognized the equitable nature of a claim for land damages, and provided a remedy for this very case by injunction. What need of that provision, if, as the respond-ent claims, all persons into whose hands the road may fall, under whatever circumstances, are liable for the amount of such claims, no matter what may be the date of their title? The case of *Vilas v. Milwaukee & Prairie du Chien Railway Co.*, 17 Wis., 497, is decisive against such liability.

*E. Fox Cook*, for respondent.

*By the Court*, PAINE, J. The plaintiff in this case owned lands which were taken by the Sheboygan & Mississippi R. R. company for railroad purposes. Legal proceedings were had to assess the damages, which resulted in a judgment in the plaintiff's favor, which, however, was never paid. The road and property of the company were subsequently sold on a mortgage, and purchased for the benefit of the bondholders, who organized the company that constitutes the present appel-lant. This action was brought to compel the new company to pay the amount of the plaintiff's judgment for damages.

The counsel for the company contends that it is not liable, and relies on the recent decision of this court in the case of *Vilas v. The Milwaukee & Prairie du Chien R. R. Co.* But the case presents an entirely different question. In that case the plaintiff had consented to a conveyance of his title to the old company, so that he was left merely a general unsecured cred-itor. It followed that the new company which was organized by the purchasers at the mortgage sale, could not be held lia-ble unless upon the broad rule that such purchasers organiz-

ing anew under the statute, were in legal effect a mere contin-
uation of the old company, and liable for all its debts. Such a
conclusion we held could not be sustained.

And it would follow from that decision that if the new com-
pany here had asserted no rights under its purchase except
those which the mortgage sale gave as complete and perfect
against all paramount claims, it would not have been liable to
this plaintiff upon the mere ground that he had a judgment
against the old company. But such was not the case. On the
contrary it took possession of the plaintiff's lands, and contin-
ued to run its cars over them, even in defiance of an injunc-
tion. Such a taking possession and assertion of right consti-
tuted a plain election by the new company to adopt the origi-
nal taking and to receive the benefit of it. It becomes, there-
fore, a case for the application of the familiar maxim, *qui sen-
tit commodum sentire debet et onus.* The rights of the old com-
pany in the land were not paramount to those of the plaintiff,
until the damages were paid. Perhaps he might have fallen
back upon his original rights as owner, and treated the com-
pany as a trespasser *ab initio*, if it neglected for an unreasona-
ble time to pay them. But if he did not do that, but asked
only for his pay, the proceedings to condemn the land and as-
sess the damages would stand as valid for those purposes to
give the company such rights as it could get prior to payment.
Then, if the purchasers under the mortgage step in and assert
those rights, they must assert them subject to the condition
upon which they exist, that is, the payment of the damages.

The counsel suggested that if these damages had not been
paid, the company was a trespasser, and the plaintiff might
have his remedy for the trespass, but it ought not to be held
liable for the judgment against the old company. But cer-
tainly the old company would be estopped from setting up in
answer to a claim by a land owner for damages, that it was a
mere trespasser because it had already unreasonably neglected
to pay those damages, and therefore the owner could only re-

cover for the trespass, and could not treat it as liable for having taken his lands for railroad purposes. The owner might perhaps treat it as a trespasser, but it does not rest with the company to assume the character of a mere wrong doer or of one taking lands under its charter, according to whichever position might best suit its convenience. Having entered under the charter, so long as the owner chooses only to hold it to the responsibility of a legal taking, it is estopped from casting off that character and replying that it is only a trespasser. And if the old company would be so estopped, the new one, after having entered and asserted the rights of the old, thus ratifying and adopting the original taking, is equally estopped. " A man will be bound by that which would have bound those under whom he claims, *quoad* the subject matter of the claim ; for *qui sentit commodum sentire debet et onus ;* and no man can, except in certain cases which are regulated by the statute law and the law merchant, transfer to another a better right than he himself possesses ; the grantee shall not be in a better position than he who made the grant ; and therefore privies in blood, law and estate shall be bound by, and take advantage of, estoppels." Broom's Legal Maxims, 452 (marg. p. 556.) The entry by the new company must be referred to its character as purchaser under the mortgage and successor to the rights of the old, and it is not at liberty to repudiate this character. And " if a person accepts anything which he knows to be subject to a duty or charge, it is rational to conclude that he means to take such duty or charge upon himself, and the law may very well imply a promise to perform what he has so taken upon himself." Broom's Legal Maxims, 451, 452.

The appellant claims that the amount of the costs in the injunction suit, to which the appellant was also a party, and which in that suit were adjudged solely against the old company, are improperly included in this judgment. But we see no exception which raises that question.

The judgment is affirmed, with costs.