Gilman vs. The Sheboygan & Fond du Lac Railroad Company.

GILMAN VS. THE SHEBOYGAN & FOND DU LAC RAILROAD COMPANY.

RAILROAD CORPORATION. *Formed by purchasers at foreclosure sale, not liable for judgments against former company.*

Complaint, in substance, that plaintiff, in 1859, obtained judgment against the S. & M. Railway Co., for damages for land taken by it for its road; that in 1861 the property and franchises of that company were sold under a mortgage or trust deed; that the purchasers took with notice of the existence and nonpayment of said judgment; that they subsequently organized and became the company here made defendant, which is operating the road built by said S. & M. Co., claiming to own the same and its appurtenances; that, in continuation of the appropriation of plaintiff's said land made by the last named company, defendant entered upon the same, and now holds, and ever since 1861 has held it to its own exclusive use and benefit, without plaintiff's consent; that plaintiff's said judgment is a valid subsisting one, wholly unpaid; and that the S. & M. Co., ever since the mortgage sale aforesaid, has been wholly insolvent, and has no existence in fact, but has been wholly merged in the defendant. *Held*, that plaintiff has probably a remedy in equity to compel the defendant to make compensation for the land, or stop running cars over it; but defendant is not liable in this action, at law, for a debt, upon the judgment. *Pfeifer v. S. & F. Railway Co.*, 18 Wis., 155, distinguished.

APPEAL from the Circuit Court for *Fond du Lac* County. The complaint alleged that the plaintiff was, prior to April 29, 1859, and still is, the owner of certain described lands in the city of Sheboygan; that prior to that day the Sheboygan & Mississippi Railroad Company, under the provisions of its charter, entered upon, took possession of, and appropriated to its own use, for the purposes of its road, the said lands; that said company, its successors and assigns, have since continued in such use and occupancy; that nothing has been paid therefor; that on the 29th day of April, 1859, commissioners having awarded damages, a judgment was entered in the Sheboygan circuit court in plaintiff's favor against said Sheboygan & Mississippi Railroad Company for $3,612, as compensation

for the taking of said lands; that in 1861, default having been made in the payment of a mortgage or trust deed given by said company, said railroad, its franchises and property, real and personal, were, under a power of sale in the mortgage, sold; that the purchasers at such sale, or their assigns, thereafter organized into a corporation, styled the *Sheboygan & Fond du Lac Railroad Company*, which in continuation of the said appropriation of the same, entered upon the plaintiff's said lands in 1861, and holds and since has held the same without plaintiff's consent; that said new company had notice of said judgment and its nonpayment; and that the judgment remains of force; that said judgment debtor has since the foreclosure sale remained insolvent, and has no existence in fact, but has become wholly merged in the defendant company.

Judgment is demanded for the amount of said judgment, interest from entry and costs.

Demurrer to this complaint was sustained, and the plaintiff appealed.

*Jones & Sumner*, for appellant.

*Bentley & Seaman*, for respondent, argued that the new company was not liable for the debts of the former under the decisions of this court in *Vilas v. R. R. Co.*, 17 Wis., 502; *Smith v. R. R. Co.*, 18 id., 17; *Wright v. R. R. Co.*, 25 id., 46. If the appellant attempts to assert his claim under the precedent of *Pfeifer v. The Sheboygan & Fond du Lac R. R. Co.*, impleaded with the *Sheboygan & Miss. Co.*, 18 Wis., 155, it must be seen that the cases are distinguishable. There proceedings to enjoin the company were pending at the foreclosure. The new company was promptly impleaded, and sought to be enjoined from taking, etc. Here the plaintiff has long slept on his rights, until a court of equity will not aid him. *Sheldon v. Rockwell*, 9 Wis., 181; *Blanchard v. Doering*, 23 id., 200; *Crosby v. Smith*, 19 id., 450; *Young v. C. & N. W. R. R. Co.*, 28 id., 171.

COLE, J. It is conceded by the counsel for the plaintiff, that

this is an action upon a judgment. The judgment was obtained against the Sheboygan & Mississippi Railway Company, April 29, 1859, for damages awarded the plaintiff for lands taken by that company under its charter for the use of its road. In 1861 the property and franchises of that railway company were sold under a mortgage or trust deed, and the purchasers at the foreclosure sale subsequently organized and became the defendant corporation, which is operating its road over the plaintiff's land previously appropriated by the Sheboygan & Mississippi Railway Company. It is alleged in the complaint that the judgment in favor of the plaintiff against the last named company is still a valid subsisting judgment, and that the purchasers at the mortgage sale had notice of its existence and nonpayment. These are the facts upon which it is claimed that the defendant company is liable to pay the judgment.

We do not understand upon what principle this action upon the judgment against the old corporation can be sustained. In the cases of *Vilas v. The M. & P. du C. R'y Co.*, 17 Wis., 498,; *Smith v. The C. & N. W. R'y Co.*, 18 id., 17; and *Wright v. The M. & St. P. R'y Co.*, 25 id., 46, this court held that where the property and franchises of a railroad company were sold under a mortgage which the company was authorized by law to execute, and a new company was organized by the purchasers, the new company was not liable for the debts of the old corporation. The case in principle is not different from the ordinary one where a party purchases property sold on a mortgage. Such person does not thereby become liable to pay the general debts of the original owner, though, if a prior lien exists upon the property, it may of course be enforced. But this is an action of debt upon a judgment against the old company, and proceeds upon the mistaken notion that the defendant company is liable upon it in the same manner as though the judgment were originally rendered against it. The fact that the defendant is now operating its road across the lands of the plaintiff does not alter the case, so far as this question of liability upon

the judgment is concerned.   The plaintiff may have a remedy in another form of action, to compel the company to make compensation for his property or stop running its cars over it.   Such a remedy, we are inclined to hold, a court of equity would afford in a case where it appeared the new company elected to adopt the original taking and continued to occupy and use the land for the purposes of its road.   For the right of the original owner to compensation for his property is paramount, and protected by the constitution, and it is idle to say that an unsatisfied judgment against an insolvent corporation afforded him any compensation.   But the ground of liability of the new company is not upon the judgment against the old corporation, but is founded upon the principle that it has seen fit to adopt and ratify the original taking and therefore is bound to make compensation.   The maxim, *qui sentit commodum sentire debet et onus*, applies.   Had the object of this action been to compel the defendant to pay the judgment for the damages awarded for taking the property, and, in case it neglected to do so, that it be enjoined from using it for the purposes of its road, quite a different question would be presented for our consideration. But, as already remarked, this is an action upon the judgment itself, and no equitable relief is demanded.   And we fail to perceive how the action can be maintained on that ground, without overthrowing the decisions above referred to.

It was claimed upon the argument, that the case of *Pfeifer v. The Sheboygan & Fond du Lac R'y Co.*, 18 Wis., 155, was an authority to show that the complaint before us stated a cause of action.   That case is not very fully reported, but a reference to the original papers on file shows that it was in some material points different from the case at bar.   It is deemed unnecessary to state the facts which distinguish the two cases, further than to observe that the defendant there was not liable to the plaintiff upon the mere ground that he had a judgment against the old company, which is really the only ground of liability relied on in the present case.

Whether the plaintiff's claim is barred by the statute of limitations, is a question not necessary to our decision, and which we therefore decline to consider. We think the demurrer to the complaint was properly sustained on the ground and for the reason that it fails to state a cause of action.

*By the Court.* — The order of the circuit court is affirmed.