## AUGUST TERM, 1876.    653

Gilman vs. The Sheboygan & Fond du Lac Railroad Company.

GILMAN VS. THE SHEBOYGAN & FOND DU LAC RAILROAD COMPANY.

RAILROADS: USE OF LAND WITHOUT COMPENSATION: REMEDIES. *(1, 2, 5)*
*Land used by new company, succeeding to the franchises of another,
without paying judgment for its value rendered against the old company.
Remedies of the land-owner. (3) Waiver of his rights. Limitation of
action in such case. (6) Parties defendant.*

1. While a judgment against a railroad company for the taking of land on
   which its road was constructed remained unpaid, a mortgage of the road
   with all the property and franchises of the company was foreclosed, and
   the purchasers organized under the statute a new company, which, with
   knowledge of the facts, has continued to operate its road over said land.
   *Held,* that equity will restrain the company from further maintaining
   and operating its road over said land, except upon payment of said judg-
   ment against the old company.
2. *Pfeifer v. Sheb. & F. du L. R. R. Co.,* 18 Wis., 155, distinguished. Whether
   that case would be followed in one precisely similar, is not here decided.
3. The facts that the judgment against the old company was obtained two
   years before the foreclosure sale, and that the road had been operated
   over the land during that time, and that no further steps were taken by
   suit to enforce payment of the damages until the new company had
   been occupying the land for thirteen years, do not constitute a *waiver* of
   the owner's right to compensation.
4. The right of the land-owner to maintain an action for the equitable relief
   above stated, being "founded upon the title to real property," is limited
   to *twenty years* by sec. 3, ch. 138, R. S.; and neither sec. 6 nor sec. 22
   of that chapter has any application.
5. [*Ejectment* would lie in plaintiff's favor to recover the land from the rail-
   road company.]
6. The complaint, which alleges that since the foreclosure sale the old com-
   pany has been utterly insolvent, and its existence merged in that of de-
   fendant, is not bad for failing to make that company a party.

APPEAL from the Circuit Court for *Sheboygan* County.
The original complaint in this action will be found in 37
Wis., 317, where an order sustaining a demurrer to such com-
plaint was affirmed by this court.

After the cause was remitted to the circuit court, the com-

plaint was amended so as further to aver, in substance, that the defendant company was estopped by the facts therein alleged, and barred in law, in equity and good conscience, from pretending or claiming that it took or might rightfully hold possession of plaintiff's said real estate, discharged of the liability resting upon the old company to make compensation therefor, and to pay such judgment with interest; also that plaintiff was remediless except by means of the exercise of the equity jurisdiction of the court and in this form of action. The amended complaint therefore prayed that defendant might be perpetually enjoined from entering upon, occupying or using any of said land, unless, within such reasonable time as the court might prescribe for that purpose, it should pay the amount of said judgment with interest.

Defendant demurred to the amended complaint, on the grounds, 1. Of a defect of parties, in this, that the Sheboygan & Mississippi Railroad Company was a necessary party defendant. 2. That it did not state facts sufficient to constitute a cause of action. 3. That it showed upon its face that plaintiff's claim was barred by the statute of limitations.

The plaintiff appealed from an order sustaining the demurrer.

For the appellant a brief was filed, signed by *Geo. T. Sumner* as his attorney, and by *Johnson & Reitbrock*, of counsel, and the cause was argued orally by *D. H. Johnson.* Upon the question of the sufficiency of the complaint, they cited the intimation of the court on the former appeal (37 Wis., 317) as to plaintiff's right to the remedy here sought, submitting that the complaint, as amended, met the requirements of that suggestion. They also cited *Pfeifer v. Sheboygan & Fond du Lac R. R. Co.*, 18 Wis., 155, as sustaining the action as now brought, unless plaintiff's claim was barred by limitation. Upon the latter point they argued, 1. That the railroad company acquired no title until actual payment of the compensation (Laws of 1852, ch. 98, secs. 12, 13), and plaintiff's action

Gilman vs. The Sheboygan & Fond du Lac Railroad Company.

was therefore one arising out of his title to the land taken. Secs. 2 and 3 of the statute of limitations (R. S. 1858, pp. 818–824) provide, the one for actions of ejectment, the other for all other actions arising out of title to real property; and both fix the period of limitation at twenty years. Those sections are a substitute for secs. 2, 3 and 24, ch. 127, R. S. 1849. Now, as then, the rule of limitation should be the same at law and in equity; and this is a case in which ejectment would lie. 2. That plaintiff could not claim the action barred under sec. 10 of the statute, by reason of an adverse possession within the meaning of secs. 6 and 7. (1) Sec. 10 relates only to actions for the recovery of real estate. (2) A possession and use of land for railroad purposes does not come within any of the descriptions of an adverse possession given in secs. 6 or 7. (3) The defendant, upon the facts set up in the amended complaint, has no color of title. The judgment conferred none; for it is well settled in this state that a proceeding to condemn alone, without actual payment made, will not pass the title. See, also, *Gear v. D. & S. C. R. R. Co.*, 20 Iowa, 533. Neither does it appear upon the face of the complaint, that the defendant claims to hold the title. On the contrary, its possession is stated to be in pursuance of the proceedings to condemn taken by the original company, and with knowledge that no compensation had been made; and no adverse possession can be claimed by one holding in express or implied recognition of the right to be barred. *Pfeifer v. Railroad Co.*, 18 Wis., 155. 3. That plaintiff's claim was not stale, nor barred by any *laches* on his part. In this regard, courts of equity exercise a discretion, and deny relief only when facts have intervened rendering objectionable a relief which might have been granted if applied for in time. Here, the parties are in the same position in which they would have been had relief been sought at the earliest practicable moment. Plaintiff should not be made to suffer for having been merciful.

*W. H. Seaman*, for respondent:

1. Although payment of compensation by a railroad company is, in general, made a condition precedent to the vesting in it of title to lands taken, yet as the payment is a fact resting always *in pais*, the condition may be waived by parol or by acquiescence; and though the owner's right is not lost, it would seem that his relations to the property must be changed. *McAuley v. West Vermont R. R. Co.*, 33 Vt., 311. As to third parties coming in, such a waiver may be implied from circumstances; here, by the acquiescence for two years in the possession of the old company. The case differs in that respect from the Pfeifer case (18 Wis., 155), where proceedings were being vigorously prosecuted against the old company at the time of sale. 2. If the two years' acquiescence in the possession of the old company were not a sufficient waiver, yet the thirteen years of like acquiescence which followed will bar plaintiff of the relief sought. *People ex rel. Green v. M. S. R. R. Co.*, 3 Gibbs, 496; *Knapp v. McAuley*, 39 Vt., 275; *Earl of Jersey v. Briton Ferry Floating Dock Co.*, L. R., 7 Eq., 409, cited in 1 Redf. Am. R'y Cases, 253. 3. The rules governing courts of equity, generally, would bar plaintiff, irrespective of statute limitation. *Sheldon v. Rockwell*, 9 Wis., 181; *Blanchard v. Doering*, 23 id., 200; *Crosby v. Smith*, 19 id., 450. 4. The action is for equitable relief, and is barred by the ten–year limitation prescribed in sec. 22, ch. 138, R. S. *Fullerton v. Spring*, 3 Wis., 667; *Sheldon v. Sheldon*, id., 699; *Knowlton v. Walker*, 13 id., 264; *Waldo v. Rice*, 14 id., 286; *Parker v. Kane*, 4 id., 17. Moreover, the complaint shows an entry by defendant, under "good and sufficient deeds of conveyance," and its exclusive use of the lands by virtue thereof for more than ten years. Plaintiff is therefore barred by an adverse possession, under secs. 6 and 7 of the same statute.

COLE, J. On the former appeal, in the action on the judgment recovered against the old corporation, it was intimated

that a court of equity, in a proper case, might require the defendant company to pay that judgment for damages awarded for taking the property for the use of its road, or stop running its cars over the land. 37 Wis., 319. It seems reasonable that a court of equity should afford such relief when it appears, as it does in this case, that the new company has elected to adopt and ratify the original taking, and continues to use the land for the purposes of its road. The right of the land owner to compensation for his property is protected by the constitution, and must prevail even as against the purchaser at the foreclosure sale. It appears from the complaint that the old company is wholly insolvent, has really ceased to exist as an organized corporation; that all its franchises and property have passed to and are now held by the defendant as its successor. The judgment against the old corporation is consequently absolutely worthless, and unless the plaintiff can have some relief against the new company, either by a suit in this form or by an action at law, he is entirely remediless. And the fact that the old company has ceased to exist, is a sufficient answer to the objection that it should have been made a party defendant.

The doctrine of *Pfeifer v. The Sheboygan & Fond du Lac R. R. Co.*, 18 Wis., 155, is relied on as a direct authority to sustain this action, and the reasoning in that decision doubtless supports it. There, damages for the property appropriated by the old company had been assessed; but these not being paid, an action was commenced to enjoin the company from running its cars over the land. This injunction suit was pending at the foreclosure sale, and when the new company was organized. The new corporation, however, was made a party to the injunction suit; appeared in that action, and contested the right of the plaintiff to the relief asked. On the hearing, a perpetual injunction was granted restraining both the old and new company, and each of their officers and agents, from operating the road across the land of the plaintiff until the judg-

ment for damages, with interest thereon, together with the costs in the injunction suit, were paid. This injunction the new company disregarded, and continued to run its cars over the plaintiff's land. Thereupon, an action at law was commenced against both companies, founded upon the judgment in the injunction suit, and in that action a recovery was had against the new company for the whole amount of the judgment for damages assessed for the land taken, and for the costs in the injunction proceeding. An appeal was taken from the judgment thus recovered, which is the case reported in 18 Wis. This statement is sufficient to explain the difference between the Pfeifer case and this case as presented on the former appeal. It will be seen that the Pfeifer case is somewhat peculiar in its facts, and may be anomalous in the mode adopted to fix the liability of the new company to make compensation for land taken. But whether it is a correct precedent to be followed in future cases, is a question upon which, at this time, we express no opinion. It is plain the new company in that case might have been attached for violating the injunction. And if it appeared in the contempt proceeding that the misconduct of the company was calculated to, or did actually defeat, impair or prejudice the rights or remedies of the plaintiff in the injunction suit, the court might have ordered it to pay a sum sufficient to indemnify him against all loss. As the same end was really reached by the practice adopted, the new company would not seem to have any very substantial ground of complaint that it was not proceeded against for violating the injunction. The Pfeifer case may be sound in principle; a point we neither affirm nor deny in deciding this cause.

The object of this action, however, is, to carry out the intimation in the former opinion, and to compel the defendant either to pay the judgment for damages, or cease from using or occupying the real estate for the purposes of its road. The question is, Can the plaintiff, upon general principles, have

that or any kindred relief upon the facts stated in the complaint? It seems to us clear that he is entitled to some such relief.

It is quite clear that no compensation has ever been made the plaintiff for his property taken for public use. The inquiry is, whether he has lost the right to insist upon payment by the defendant of the damages assessed, or an abandonment of the use of his land. The counsel for the company argues and says: Assuming that the defendant was liable as successor of the old company, particularly because it succeeded to the occupancy and benefits which that company enjoyed under its condemnation of the land, still the plaintiff has so conducted himself that no obligation rests upon the defendant to make compensation. Why not? The counsel claims that the facts alleged show a waiver on the part of the plaintiff of his right to compensation. We are surely unable to perceive, upon the facts stated, any grounds for saying that the plaintiff has waived or lost his right to payment from the defendant, if it continues to use his land. It is true, it appears that the foreclosure sale took place about two years after final entry of judgment for damages against the old company. But the purchaser at that sale took under the foreclosure only such rights as that proceeding gave him. The old company had then acquired no right to use the land for its road, but was in possession simply as a tresspasser. In the case of *Sherman v. The Milwaukee, Lake Shore & Western R. R. Co.,* just decided (*ante*, p. 645), it is held that, "if a railroad company take possession of land for which it is liable to make compensation, without the consent of the owner, and without having ascertained and paid the compensation under the process given by the statute, it is a trespasser, and liable in an action of trespass." This was the position which the old company occupied when the foreclosure sale took place. Its possession was wrongful, it not having made compensation for the property permanently appropriated for the use of its road.

Under these circumstances, what ground is there for saying that the plaintiff has waived his claim for compensation, or lost his right to insist upon it as against the defendant? True, he might earlier have taken steps to enforce payment of his damages, or to enjoin the defendant from running its cars over his land; but there is certainly nothing in that act of forbearance which shows any waiver of his legal rights. His right to compensation is paramount, not affected or destroyed by the foreclosure. If he has waited thirteen years for the defendant to do him justice by paying his damages, this should not be deemed a waiver, on his part, of any remedy he may have against it. And on examination we find nothing in the doctrine laid down in *McAuley v. West Vermont R. R. Co.*, 33 Vt., 311; *Knapp v. McAuley*, 39 id., 275; *People ex rel. Green v. M. S. R. R. Co.*, 3 Gibbs, 496, which should modify these views.

But the further question arises, whether the cause of action is not barred by the statute of limitations. Upon that point the counsel for the plaintiff insists that the action falls within sec. 3, ch. 138, R. S., and is not barred. That section provides, in substance, that no cause of action founded upon the title to real property shall be effectual unless it appear that the person prosecuting the action was seized or possessed of the premises in question within twenty years before the committing of the act in respect to which such action is prosecuted. It is said that this is an action for equitable relief founded upon title to real estate, and comes within both the letter and spirit of this provision. It appears to us that the position is sound.

Doubtless an action of ejectment would lie against the defendant to recover the possession of the property. But the plaintiff has not seen fit to resort to that remedy, but seeks by an action in equity to compel the defendant either to abandon the possession and use of his land, or to pay him for it. His right to that equitable relief is founded upon the fact that he is the owner of the land, or upon his title to the property.

His land having been taken for public use, the defendant company having adopted and ratified the original taking, it would seem plain that the owner should either have his just compensation required by the constitution to be paid, or have relief by way of a permanent injunction. And we are unable to perceive why it is not strictly correct to say that the action is founded upon the title to real property, and falls directly within sec. 3. If this is so, it is quite obvious that the action is not barred. For, conceding that the possession of the defendant was adverse, it is clear that the facts do not bring its possession within the limitation of section 6. But the counsel for the defendant insists that the action must be treated as one brought under section 22. By that section it is enacted that " an action for relief not hereinbefore provided for must be commenced within ten years after the cause of action shall have accrued." If we are right in the view expressed that the action is one embraced in section 3, it is manifest that section 22 does not apply to it. For the latter section only professes to include actions for relief not before provided for in the statute.

These remarks dispose of all questions raised by the demurrer.

It follows that the order sustaining the demurrer to the complaint must be reversed, and the cause remanded for further proceedings according to law.

*By the Court.* — It is so ordered.