JOHN O. AND REBECCA S. SHELBY v. RHODA W. PERRIN.

See this case for what is said as to making the wife a party defendant in a suit on the joint contract of the husband and wife.

Where the wife is a necessary or proper party defendant to a suit, the citation must be served on her personally, and not by delivery to her husband.

Where the husband and wife are defendants to a suit, and the wife has not been cited, an answer for " defendants " and general representation of " defendants " throughout the proceedings, by counsel, will not preclude the wife from raising the objection, on error, that the citation was not served upon her.

As this case will be remanded, it may be proper to remark, that if there be a valid mortgage on the lots, for the purchase money, as appears to be, possibly, the case, the plaintiff should plead this by proper averments, and pray for its foreclosure ; as the implied lien of the vendor, which was set up in the petition, and upon which the judgment of sale was rendered, cannot be held to exist where the vendees have given to the vendor a mortgage on the premises for the purchase money ; provided the mortgage be valid and binding in law.

Error from Polk. Tried below before the Hon. Peter W. Gray.

Suit by appellee against appellants, John O. Shelby and his wife, Rebecca S. Shelby, on their joint promissory note. It was alleged in the petition, " that the consideration of the note was a sale and conveyance made by plaintiff to defendants, or one of them, of certain tracts or parcels of land situated in Polk county, and which plaintiffs conveyed to defendants and put them in possession of, on the —— day of ——, 1853, to-wit : lots numbered three and four in block numbered thirty-three, of the town of Livingston, which lots defendants now reside upon." Prayer for judgment, and sale of the lots and improvements, &c.

Citations issued for both defendants, and both returned served on John O. Shelby. Answer : " And now come the said defendants and for answer," &c., demurrer. Also : " Defendants deny all and singular," &c. Signed, " Wilson for defts."

Here the transcript contained a mortage of the two lots from Shelby and wife to plaintiff, to secure the note sued on. It was copied without any introduction or connection.

The entry of judgment read : This cause coming on to be heard, the parties announce themselves ready for trial and waive a jury, &c. Judgment for plaintiff and order of sale of the lots. " And thereupon defendants give notice of appeal." " Motion by defendants for new trial" on the ground that the Judge erred in giving judgment against defendants on the proof adduced ; in foreclosing the equitable lien set up in plaintiff's petition, against defendants, when it was shown that there was a mortgage subsisting on said premises in favor of plaintiffs for the money sued for ; and in foreclosing said equitable lien, without decreeing the cancellation of the subsisting mortgage against these defendants in favor of plaintiff. This motion was signed " Sharp and Wilson for defts." No bill of exceptions, nor statement of facts. Error by defendants.

*J. O. Shelby*, for self and wife.

HEMPHILL, CH. J.   This was a suit by Rhoda W. Perrin against John O. Shelby and Rebecca S. Shelby, his wife, on a note for one hundred and eight dollars, executed by the said Shelby and his wife. The wife was not a necessary party to the suit, unless the lots, for the purchase money of which the note was given, were the separate property of the wife ; and if the amount of the note was the whole purchase money, it could not have become her property, unless the debt was dis-

charged out of her separate funds. But the wife having been joined in the suit, and judgment having gone against both wife and husband, it is very manifest that she ought, as a party, to have been served with process of citation. The service of the citation, issued to her, upon her husband, is insufficient ; and, for this defect of service, the judgment must be reversed.

If the note be for a community debt, the wife should not have been made a party to the suit : and if joined, and it appear, in the course of the proceeding, that the debt is a charge against the community, there should be a discontinuance as to the wife.

It may be said that no injury could arise to the wife on this judgment, as it requires the vendor's lien on the lots to be foreclosed, and the balance, if any, to be satisfied first out of the community property. But the wife can insist on her right to be exempt from a judgment to which, in contemplation of law, she is not a party, though possibly she may suffer no injury from such judgment. But she is not secure against all risk, even under this judgment ; as the balance is required to be made first out of the common property, leaving the inference that if not so satisfied, the execution may be levied on the private property of either or both.

As the case will be remanded, it may be proper to remark, that if there be a valid mortgage on the lot, for the purchase money, as appears to be, possibly, the case, the plaintiff should plead this by proper averments, and pray for its foreclosure ; as the implied lien of the vendor, which was set up in the petition, and upon which judgment of sale was rendered, cannot be held to exist where the vendees have given to the vendor a mortgage of the lots for the purchase money ; provided this mortgage be valid and binding in law. This point has been made in the assignments of error, but if the judgment had not been reversed on other grounds, it would not have been noticed, as the mortgage was not pleaded ; nor is there a statement of facts to show that such mortgage was in evidence. A

copy of the instrument is in the transcript; and as the question was raised by appellants, it was deemed proper not to pass the matter without some observation. Judgment reversed and cause remanded.

Reversed and remanded.