The I. & G. N. R'y Co. v. Juana & Miguel Benitos.

(Case No. 4796.)

1. RIGHT OF ACTION — DAMAGES.— If a railway company, having under the statute the exclusive right to institute proceedings to condemn land for its roadway, fails to avail itself of this right, and without the consent of the owner enters upon his land, the owner is entitled to resort to any court having jurisdiction, by reason of the amount of damage claimed, for redress of the wrong; following Sherman v. The Milwaukee, L. S. & W. R. R. Co., 40 Wis., 652, and other cases cited.

2. SAME.— In such case the burden of showing the interest which the plaintiff has in the land rests on him, for on its ascertainment depends the amount of damages to which he is entitled. The plaintiff is entitled to recover the value of his interest in the land taken for road-bed and right of way, the defendant having failed to pursue the statutory method of condemnation. Gilman v. The Sheboygan & Fond du Lac R. R. Co., 40 Wis., 660, cited and approved.

4. EVIDENCE.— While a railway company may under the statute occupy public domain for its roadway, without being required to make compensation, it cannot avoid liability to one in possession of land appropriated by it without legal condemnation, by showing that the land owned by him at the date of a tax sale had ·

been purchased by the state, the period of redemption under the statute not having expired.

5. DAMAGES.— In a suit against a railway company for injury resulting from going through an inclosed field with its roadway, and exposing to destruction growing crops, evidence of what the value of the crops would have been if they had matured was of too speculative a character to form a proper basis for damages.

6. VERDICT.— See opinion for verdict for damages (there being no claim for other than actual damages) so excessive as to require a reversal.

APPEAL from Bexar. Tried below before the Hon. George H. Noonan.

In this case there was no claim for other than actual damages. The evidence of injury to crops consisted of estimates of their probable value at maturity, they having been destroyed while growing.

*King & Mason*, for appellant, cited R. S., arts. 4182–4188, 4167.

STAYTON, ASSOCIATE JUSTICE.— This action was brought by the appellees to recover damages for an alleged trespass upon and occupation by the railroad company, for its roadway, of land which was alleged to be the property of Mrs. Benitos. The petition alleged that fencing was torn down and destroyed on the line of the railway, and that by the failure of the railroad company to restore the fences the appellees were prevented from making a crop on the farm through which the railroad was constructed.

There was a prayer for $300 for the value of the land used by the railroad company, and for $250 for the destruction of crops, which it was alleged were planted and growing on the land, which were alleged to have been destroyed by stock in consequence of the failure of the company to rebuild the fences, which it was averred it had promised to rebuild before the crops were planted. There was also a prayer for general relief.

It is claimed that the district court had no jurisdiction of the cause, and that the sole remedy which the appellees had was by a proceeding under the statute to condemn the land to the use of the railroad. This position cannot be maintained.

It is held by the great weight of authority, that, when a statute provides a tribunal and mode of procedure by which property may be condemned to a public use, such tribunal has an exclusive jurisdiction, and that the person or corporation to whom the statute gives the right to institute a proceeding to condemn land cannot resort to any other.

In this state the right to institute a proceeding to condemn land

for the roadway of a railroad is given to the company seeking it, and to no other person (R. S., 4182), and if a company fails to avail itself of this right, and without the consent of the owner enters upon his land, such owner is entitled to resort to any court having jurisdiction, by reason of the amount of damage claimed, for redress of the wrong. Atlantic & G. R. R. Co., 48 Ga., 423; Sherman v. The Milwaukee, L. S. & W. R. R. Co., 40 Wis., 652; Blesch v. The Chicago & N. W. R. Co., 43 Wis., 192; Kansas Pacific R. Co. v. Streeter, 8 Kans., 135; Stein v. Burden, 24 Ala., 146; Soulard v. The City of St. Louis, 36 Mo., 552.

In this case the plaintiffs have elected to receive compensation for the value of the land taken, and we see no reason why the district court has not jurisdiction under the averments in the petition, the defendant having failed to pursue the statutory method of condemnation, to award to the plaintiffs such compensation as they may be entitled to, and in the same proceeding to vest in the defendant the right of way.

In speaking upon this subject, Breese, J., delivering the opinion of the supreme court of Illinois, said: "They were required and were bound to take the initiative. No burden is thrown upon the owner of the land. Whilst *mandamus* is the proper remedy in many cases against such a corporation, this is not one of them. Here the corporation has, without authority of law, taken possession of appellant's land, and the question is, shall they be allowed to rob appellant at defiance and compel him to institute proceedings by which he is to be deprived of his land? Two remedies, it seems to us, were open to appellant — this action of ejectment, or an action to recover the value of the land taken. Smith v. C., A. & St. L. R. R. Co., 67 Ill., 196.

In the case of Gilman v. The Sheboygan & Fond du Lac R. R. Co., 40 Wis., 660, Cole, J., said: "Doubtless an action of ejectment would lie against the defendant to recover the possession of the property. But the plaintiff has not seen fit to resort to that remedy, but seeks by an action in equity to compel the defendant either to abandon the possession and use of his land, or to pay him for it. His right to that equitable relief is founded upon the fact that he is the owner of the land, or upon his title to the property. This land having been taken for public use, the defendant company having adopted and ratified the original taking, it would seem plain that the owner should either have his just compensation required by the constitution to be paid, or have relief by way of permanent injunction."

It would seem that a recovery of the value of the land taken, without a decree vesting the right of way in the defendant, would be a bar to another action based upon the original taking, or the continued possession, and that the reception of the full value would at least operate as a dedication of the right of way to the public use to which it has been applied.    Soulard v. City of St. Louis, 36 Mo., 554.

While it is true that upon a prior possession a suit of ejectment or of trespass may be maintained against a wrong-doer, and while it is true that in a proceeding instituted by a railway company, under the statute, to condemn land for a public use, in which the application alleges the ownership, it is not necessary for the alleged owner to make proof of his title, yet even then an inquiry can be made into the character of the estate which the alleged owner has, in order to regulate and determine the extent of compensation to which he is entitled; for that must depend upon the interest which such owner has in the land to be taken.

It is believed, however, when, as in this case, the proceeding is instituted by the person who claims to be the owner of the land, that the burden of showing the interest which she has in the land rests upon her; for it is a part of her case necessary to be determined in order to measure the damage to which she is entitled. Peoria & Rock Island Railway Co. v. Thomas Bryant, 57 Ill., 479; Robbins v. Milwaukee & H. R. R. Co., 6 Wis., 644; Directors of the Poor v. Railroad Co., 7 Watts & Serg., 236.

The deed from D. M. Alexander to Juana Landin de Benitos was properly admitted in evidence, and that it may not have been full proof of the title of Mrs. Benitos furnished no reason for its rejection. It is most probably true that the plaintiffs in the court below were of the opinion that it was not incumbent upon them to show what title or estate they had, and the third charge given by the court seems to have assumed that the deed offered in evidence was sufficient proof of plaintiffs' title.   This was error.

If the land was vacant and unappropriated public domain, the appellant, under the statute, had the right to occupy it for its road-way without compensation to any one; but that fact could not be shown by proof that the land had been sold for taxes and purchased by the state, at least unless the period for redemption had expired. It is not necessary for us, nor do we now express any opinion as to how the title would stand if the state had purchased the land at tax sale and the period for redemption had passed; nor do we express any opinion as to whether the statute which gives to railroads the

right of way over lands of the state applies to any lands which have been once severed from the public domain.

There was a prayer for general relief, and under the averments of the petition the court did not err in admitting evidence of the value of the fence destroyed.

The verdict is excessive. The evidence shows that less than two acres of land were taken for the appellant's railway, and at the highest value put upon it by any witness, it was not worth exceeding $20 per acre. There is no evidence tending to show what damage, if any, was done to other land than that embraced in the right of way, or that the residue of the tract was in any way diminished in value. Yet the jury evidently found the value of the land taken to be $300. If the value of fence destroyed as proved be added to the proved value of the land taken, it would not exceed $80.

The evidence in regard to the damage to crops was not objected to, but it was of such speculative character as but illy to furnish the basis for a verdict.

The court below ought to have granted the motion for a new trial on account of the excessive character of the verdict under the evidence.

The other matters presented by the assignment of errors need not be considered, as they will not probably arise upon another trial.

The judgment is reversed and the cause remanded.

Reversed and remanded.

[Opinion delivered April 27, 1883.]