**CITY OF DALLAS et al. v. CRAWFORD et al. (No. 1641.)**

(Court of Civil Appeals of Texas. Amarillo. April 21, 1920. On Motion for Rehearing, June 2, 1920.)

1. **Eminent domain ⬄266—Petition to cancel judgment of condemnation held to set up cause of action as distinguished from motion.**

Petition of landowner and husband to cancel and annul, for want of service and citation or other notice, judgment in a condemnation suit by defendant city, *held* to set up a cause of action as distinguished from a mere motion to correct an error of entry.

2. **Eminent domain ⬄266—County court with jurisdiction of condemnation proceedings proper court in which to file petition attacking judgment.**

County court empowered by its judgment to vest title to realty in city in condemnation proceedings *held* the proper court for the landowner to file petition attacking the judgment of condemnation on the ground that recitals essential to jurisdiction in the record were false, and to establish aliunde the record that the court in truth was without jurisdiction.

3. **Eminent domain ⬄190—Condemnation proceeding could be instituted by city only by petition.**

A condemnation proceeding could be instituted by a city only by petition presented to the judge of the county court describing the land, giving the names of the owners, etc., the petition being that which would give jurisdiction.

4. **Eminent domain ⬄226—Appointment of commission in condemnation proceedings not invalid for lack of agreement between parties.**

Despite Charter of the City of Dallas, art. 11, § 5, appointment of commission in the city's condemnation proceeding, under Rev. St. 1911, art. 6508, was not invalid for lack of agreement between the parties as to the commissioners, though the application should state a failure to agree or an excuse therefor, as by showing that the landowner is a minor.

5. **Infants ⬄79—Court cannot appoint guardian ad litem without service on minor.**

Until service on a minor is had, the court has no power to appoint a guardian ad litem.

6. **Infants ⬄81—Appointment of mother with adverse interest as guardian ad litem for minor illegal.**

Appointment as guardian ad litem for a minor of her mother holding an adverse interest to her would be illegal.

7. **Eminent domain ⬄180—Notice of condemnation proceedings to owner essential.**

Until the statutes requiring notice to the landowner are complied with, the commissioners in a city's condemnation proceedings have no authority to assess damages or to make a report, and the county court has no jurisdiction to declare condemnation.

8. **Eminent domain ⬄266—Infant owner not notified of proceedings not required to request new trial before suing to set aside judgment.**

In a city's proceedings to condemn land, the infant owner, for lack of notice to her, was not required to request a new trial on the proceedings, petition and report of which were void, before suing to set aside judgment of condemnation.

9. **Eminent domain ⬄234(1) — County court could not condemn land at city's instance without report of commission.**

County court entertaining a city's condemnation proceedings without a report of the commission, after first acquiring jurisdiction under the statutes, could not condemn the land.

10. **Pleading ⬄228—Exceptions to petition of infant to set aside judgment of condemnation properly overruled.**

In suit by an infant, whose land was condemned by a city, to set aside the judgment of condemnation on the ground that she was not notified of the proceedings, etc., exception to the owner's petition on the ground that certain facts alleged were immaterial, some of the matters being proper, and none of them immaterial or irrelevant, *held* properly overruled.

11. **Process ⬄149—Evidence held not to show personal notice on infant landowner in condemnation proceedings.**

In suit by an infant landowner to set aside judgment condemning her land at the instance of a city, evidence *held* insufficient to show the personal notice on the landowner required by Rev. St. 1911, art. 6514.

12. **Judgment ⬄525—Correct judgment reciting wrong reason not affected.**

Where it is shown that judgment condemning land at a city's instance was invalid for lack of service of notice on the infant landowner, other matters recited in the judgment vacating such judgment do not affect it, because, if void for one reason, it is void for all; a wrong reason given in part and recited in the judgment not affecting the conclusion warranted by facts and law.

*On Motion for Rehearing.*

13. **Eminent domain ⬄266—Landowner suing to set aside judgment of condemnation not required to ask city again to institute proceedings.**

An infant landowner had a right to show that judgment of condemnation in favor of a city was obtained without jurisdiction over her person for lack of personal service of notice, but she was not required, in suing to set aside such judgment as a piece of evidence against her title, to ask that the city proceed again to condemn.

Appeal from Dallas County Court; T. A. Works, Judge.

Action by Mrs. Dorsey Gibbs Crawford and another against the City of Dallas and others. From judgment for plaintiffs, defendants appeal. Affirmed.

---

⬄For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Jas. J. Collins, W. S. Bramlett, and Edward P. Dougherty, all of Dallas, for appellants.

W. L. Crawford, Muse & Muse, W. J. J. Smith, and W. A. Kemp, all of Dallas, for appellees.

HUFF, C. J. This is an action brought in the county court of Dallas county at law, on April 23, 1918, by Mrs. Dorsey Gibbs Crawford, joined by her husband pro forma, William Lester Crawford, against the city of Dallas, Mrs. S. A. Gibbs, Carl Hoblitzelle, Joe S. Kendall, Texas Land & Mortgage Company, and Real Estate Loan Company of Galveston, for the purpose of canceling and annulling for want of service and citation upon the plaintiff, Mrs. Dorsey Gibbs Crawford, or other notice, in a condemnation suit, and for fraud, the reports being made by the special commissioners in said condemnation proceeding, and the judgment of the said county court of Dallas county at law awarding condemnation to the city of Dallas for certain tracts of land described in the petition, and in the reports and judgment, situated in the city and county of Dallas, and claimed by the city of Dallas under the condemnation proceedings. The Texas Land & Mortgage Company and Real Estate Loan Company of Galveston each filed disclaimers, disclaiming any interest whatever. Mrs. S. A. Gibbs filed a general denial. The city of Dallas answered by general exceptions, various special exceptions, general denial, special denial, and pleas of estoppel. Kendall and Hoblitzelle each answered by a general demurrer, and the adoption of the demurrers and exceptions of the city of Dallas, and by general denial. The case was tried before a jury, but upon an instructed verdict judgment was rendered for the plaintiff, Mrs. Dorsey Gibbs Crawford, canceling and annulling the reports of the special commissioners, and the judgment in condemnation by said court, and all proceedings under the application for condemnation, so far as the same affected the rights of Mrs. Dorsey Gibbs Crawford. It is shown there had been two applications for condemnation filed by the city of Dallas against Mrs. Dorsey Gibbs Crawford and others for different tracts of land, in which said application Dorsey Gibbs Crawford was alleged to have an interest in the land sought to be condemned or to claim an interest therein, and the said applications were carried under the respective docket numbers of 19419 and 19425 of the county court of Dallas county at law. The court consolidated these two cases on the motion of the city, under consolidated number 19425. The application of the city for condemnation in each case was presented to the judge of that court, and each filed with him on the 23d day of April, 1913. They were immediately docketed under the respective docket numbers, and filed with the clerk of the county court on that day. The judgment annulling the order, in so far as pertinent to the issues discussed, provided as follows:

"This judgment shall not be construed as affecting or setting aside any proceeding had or judgment rendered in said cause No. 19419 and 19425, or either of them, except so far as the rights and interests of Dorsey Gibbs Crawford are concerned, but as to Dorsey Gibbs Crawford, and every interest of hers in any of said lands, same and every part of said judgment, reports of special commissioners, and all proceedings thereunder are vacated, annulled, and declared void."

The trial court recited several special findings in his judgment, which are not deemed by us to be necessary to set out. The effect of the judgment was to hold that the court rendering condemnation judgment did not have jurisdiction over the appellee.

[1] The first assignment presents as error the action of the court in overruling the city's general exception to the petition. It is asserted that a petition in an action of this kind must not only allege facts authorizing the vacation of the decree, but should seek a new trial, which should be awarded, and in effect asserts it should show that the complainant has a meritorious cause of action, and that upon a new trial the result would likely be different. It is apparently appellants' contention that appellee is proceeding upon motion to correct an error of entry. We think the petition set up a cause of action as distinguished from a mere motion.

[2] Since the county court of Dallas county at law had power by judgment to vest title to real estate in the city upon condemnation proceedings, it is the proper court in which to file the petition, attacking the judgment therein, on the ground that the recitals in the record were false, and which recitals were necessary as precedent conditions to give jurisdiction and to establish aliunde the record in truth that the court was without jurisdiction to render the judgment. Ellis v. Railway Co., 203 S. W. 172. The petition alleges that the appellee is and was the owner of the land sought to be condemned; that at the time of the condemnation proceeding she was a minor and had no guardian of her estate; that she had no notice of the proceeding, and was not represented at the hearing before the commissioners, either in person or by attorney; that the award to her of $500 therein was grossly inadequate to pay for her interest in the property taken; that such sum in fact was never paid to her, and she has never received anything therefor; that she owned one-third of the property condemned, and that the commissioners and judgment only awarded to her about one-fiftieth of the damages sustained by the entire property; that her interest taken was at that time of the value of over $30,000; that the city had taken charge of the land and proper-

ty and was trespassing thereon, etc. We think the petition shows on its face a meritorious case, and, if the judgment and report are set aside, probably a different result would be obtained. Upon setting aside the judgment in an ordinary action a trial would be had on the merits, as set up by the pleadings.

[3] The action instituted by the city, however, was a condemnation proceeding, which it alone could institute. A petition must be presented to the judge, describing the land, giving the name of the owners, etc. It is the petition which gives jurisdiction. The owner of the land and the city could agree on a commission to assess the damage, and the statute provides the judge should give preference to such persons. It is probable, under the condition of this case, the county court could not have proceeded under the old application and the commissioners appointed to condemn the land.

[4] It is also asserted by the appellee that the appellant, before seeking condemnation proceedings, did not offer to settle the damages, or to agree upon the damages with appellee, as required by the statute. We do not think the appointment of the commission invalid because there was no agreement between the parties as to the commissioners. The county judge appears, under article 6508, R. C. S., to have the power to appoint three disinterested freeholders. Johnston v. Galveston, 85 S. W. 515; Railway Co. v. Railway Co., 57 S. W. 312. If he so appointed the commissioners, such act would not be invalid. It is not our understanding of the statutes that it was essential to his power to appoint that an agreement between the parties upon the commissioners should first be had.

Section 5, article 11, of the city charter, gives the board of commissioners of that city the power to take private property for public use in order to open, change, or widen any public street. Such property may be taken for such purposes by making just compensation to the owner. If the amount of such compensation shall not be agreed upon it is made the duty of the board of commissioners to state in writing the real estate or property sought to be taken, the name of the owner, his residence, etc., and present the same to the county court of Dallas at law, or to the judge of the court, who can, either in vacation or term time, appoint three disinterested freeholders and qualified voters of the county to assess damages. The special commissioners so appointed are governed by the laws for the condemnation of right of way for railway companies. Article 6506, R. C. S., provides:

"If such company and said owner cannot agree upon the damages, it should be the duty of said company to state in writing," etc.

There is a slight difference in the verbiage used in the city charter and the statute. The city charter stipulates if the amount of the compensation "shall not be agreed upon," while the statute provides if the parties "cannot agree upon the damages." The city charter would seem to authorize the application in writing if no agreement is made, whether there was any effort to agree previous to the application, while the statute seems to indicate that an effort is first required and a failure to reach an agreement established. It has been held that neither the county judge nor the commissioners appointed to assess damages can inquire into the truth of the statements contained in the written application. Such inquiry would be proper only upon a hearing in the county court on appeal from the commissioners. But that case leaves it inferable if there was a chance of agreement this might be shown upon appeal in the county court. Rabb v. La Feria, etc., 62 Tex. Civ. App. 24, 130 S. W. 918. In this case the application appears to have alleged a failure to agree between the owners and the city, and that they could not agree upon the damages. There is a conflict of authority on the question as to whether a failure to agree is a condition precedent to confer the right of eminent domain. "Statutes conferring the power of eminent domain usually require that an attempt shall be made before instituting proceedings to condemn it. In whatever form of words this direction is couched, it is generally held to be imperative as a condition precedent to the exercise of compulsory power." Lewis on Eminent Domain, vol. 2, § 497. "If the record fails to show such inability to agree, the proceedings are generally held to be void." Id. In Massachusetts, however, in a statute apparently worded as that of our own, it is held an attempt to agree is not necessary before application. Id. If, however, the owner is under disability, no attempt to agree need be made. It seems, however, that in the application it is essential that the inability to agree and reason for such inability should be set forth in the petition. Id. arts. 499, 500, 501; R. C. L., Eminent Domain, vol. 10, §§ 172, 173, p. 204. The exact question raised by us has not been passed upon by our courts in so far as we have been able to ascertain, but in general it seems to be recognized by our courts as a condition precedent that the application should state a failure to agree or an excuse therefor. Barnes v. Railway Co., 33 S. W. 601; Railway Co. v. Railway Co., 86 Tex. 537, 26 S. W. 54; McKenzie v. Imperial, etc., 166 S. W. 495; Ellis v. Houston Railway Co., 203 S. W. 172. The Supreme Court has recently given emphasis to the necessity of alleging and showing the necessary jurisdictional facts in condemnation proceedings. Haverbekken v. Hale (Sup.) 204 S. W. 1162. The facts and the petition in this case show that appellee was a minor, and therefore show the futility of an effort to agree

as a condition precedent to the right of instituting condemnation proceedings.

The court finds appellee was not served, and that she did not appear and waive her rights, and her petition herein so alleges. Again the petition alleges the mother of appellee was appointed guardian ad litem for her before and without service on the appellee.

[5] It appears until service on the minor is had the court has no power to appoint a guardian ad litem. Sprague v. Haines, 68 Tex. 215, on page 218, 4 S. W. 371.

[6] It is also alleged that her mother was holding an adverse interest to appellee. If this is true, the appointment of the mother as guardian ad litem would be illegal. This court in the case of Knight v. Waggoner, 214 S. W. 692, had occasion to look into this question, and reached the conclusion that the purpose of appointing a guardian ad litem is to secure the disinterested services of a proper person to see that the minor's interests are fully protected and presented to the court. We call attention to the discussion of the question in that case.

[7] Until the statutes requiring notice are complied with, the commissioners have no authority to assess damages or to make a report, and the court has no jurisdiction to declare the condemnation. Parker v. Railway Co., 84 Tex. 333, 19 S. W. 518; Vogt v. Bexar County, 5 Tex. Civ. App. 272, 23 S. W. 1044. It is necessary, in order to give jurisdiction, that notice to the owner first be had. McIntire v. Lucker, 77 Tex. 259, 13 S. W. 1027; Adams v. San Angelo Waterworks, etc., 25 S. W. 165; Haverbekken v. Hale (Sup.) 204 S. W. 1162.

[8] The petition in this case alleges appellee's interest in the land did not vest by the judgment for the reason the court rendering it had no jurisdiction over her. The appellee had no power to bring into operation condemnation proceedings; that power is in the city alone. We do not understand that the appellee was required to request a new trial upon proceedings the petition and report of which were void, according to her allegations.

[9] The county court could only set aside the judgment, and without a report of the commission after first acquiring jurisdiction, the court, as we understand the statutes, could not, without such, condemn the land. Johnston v. Galveston, etc., 85 S. W. 511.

[10] The second assignment presents, in effect, that the court should have sustained exception 3 to the petition of appellee. It seems that the exception was urged on the ground that certain facts alleged were immaterial. Some of the facts go to the failure in the application for condemnation to sufficiently designate appellee's interest in the land, and the failure to prepare a plat by the city engineer of contiguous property to that sought to be condemned, and of the owners of such property, who would be required under the charter to pay their prorate proportion of the damages by reason of opening the street, and the report of the special commissioners to the mayor and city commissioners, and other matters, among which is an alleged agreement by appellee after the condemnation, which is assailed on the ground that it was not binding as to her for the reason that she was then a minor, and that she had since her marriage repudiated such agreement. Some of the matters alleged were proper, and none of them immaterial or irrelevant, as a history of the transaction; at least, we think there was no reversible error in overruling the exception.

The third assignment is based on the action of the court in peremptorily instructing the jury that appellee was not legally served in either of the condemnation proceedings, and instructing the jury to return a verdict for appellee. Appellee testifies she was never served with notice or citation. The deputy sheriff who claims he had the process for her testifies that he never delivered the notice to appellee, but left it with her mother, with the request that she deliver it to the appellee. Her mother, Mrs. Gibbs, testifies she never notified appellee or gave her any such notice, and, in fact, she testifies no such notice was left with her to serve or give appellee, with the instructions claimed by the deputy sheriff. The president of the special commissioners appointed to assess the damage testified that the question of notice and obtaining it was left entirely to the city attorney, and that the commissioners made no investigation in that matter. It is uncontradicted that neither Mrs. Gibbs nor appellee was present before the commissioners in person or by attorney. It is recited in the report that legal notice was served upon all the parties, among whom is named appellee, and that Mrs. Gibbs, the mother, was served as guardian ad litem of the appellee. This recitation in the report is carried forward in the judgment. We find in the record notice directed to all of the alleged owners set out in the application except the appellee, and returns showing service of notice on all the parties except appellee. There is no notice to Mrs. Gibbs as guardian ad litem for appellee or service on her as such. There is an order appointing Mrs. Gibbs guardian ad litem, dated May 9, 1913. The notice issued to Mrs. Gibbs was addressed to Mrs. S. A. Gibbs, personally, dated April 28th, and served on the 30th of April, 1913.

[11] We fail to find any notice or return showing notice and service on appellee except the recitals in the report and in the order approving the report. There is, we think, no evidence of notice on appellee as required by the statute (article 6514). We do not understand that it is asserted that appellee had a guardian of her estate; the only evidence of such notice being in the report where the

president of the board says as to notice, the commissioners intrusted that to the city attorney to look after. The city attorney of that date does not testify in this case. The officer who had the notice to execute testifies positively that he did not serve it on the appellee. We see no fact which would authorize the issue to be submitted to the jury. We understand the minor must be personally served, and no guardian ad litem could be appointed until such service. Sprague v. Haines, 68 Tex. 215, 4 S. W. 371; Evans v. Livestock, etc., 81 Tex. at bottom of page 624, 17 S. W. 232. The Supreme Court has said: "Notice to the owner of the land sought to be condemned is necessary to jurisdiction, and this cannot be presumed from declarations contained in the report of the commissioners, nor from recitals in the decree of condemnation, but must be proved." Parker v. Railway Co., 84 Tex. 333, 19 S. W. 518; Adams v. San Angelo, etc., 25 S. W. 165; Crawford v. Frio, 153 S. W. 390; Cooke County v. Dudenhaffer, 196 S. W. 976; Moseley v. Bradford, 190 S. W. 624, and authorities cited under the first assignment. · Under the authorities above cited there was no controverted fact to submit to the jury, and there was no error in so instructing the jury. This being true, the court was without jurisdiction to render judgment condemning appellee's interest in the land to public use.

We do not think the second, third, and fourth propositions under this assignment present reversible error. It seems to be the contention of appellant that because, under the will of appellee's father, her mother had a life estate in the land, and because there is a provision with reference to property which may have been charged with a mortgage thereon, for that reason it was unnecessary to give appellee notice. Without trying to determine appellee's interest in the land, we think it sufficient to say, for the purpose of this case, that appellant stated in its application for condemnation proceedings that she had an interest in the land sought to be condemned, and showed the necessity of the proceedings to condemn it and of making her a party thereto. We do not understand it to be true that the county court can try title to the land, but, if proper steps were taken, its judgment may vest an easement or right under condemnation proceedings. We think if the judgment is valid as to other parties, and they in fact had the title thereto, such as would, under the proceedings, pass all the interest in the land, then the city could not be ousted, but that issue could not be determined in the county court, nor by us on this appeal. That question must be adjudicated in another tribunal.

The fourth assignment presents what is termed fundamental error. This seems to be based upon objections urged to the judgment of the court, on the ground that in part the court based its judgment vacating the former decree on other facts than that of notice, of which there was no evidence, for such supposed findings. This, as we conceive the question, cannot be fundamental error.

[12] Where it is shown the judgment was invalid because there was no valid judgment, other matters recited therein would not affect the judgment rendered; if void for one reason, it is void for all purposes. A wrong reason, given in part and recited in the judgment, will not affect the conclusion warranted by the facts and the law rendering the judgment void.

We believe there is no reversible error, and the judgment will be affirmed.

On Motion for Rehearing.

We set out the judgment, which declares the former judgment shall not affect the interest of Mrs. Crawford in the land. It is declared only that the judgment, "and every part of said judgment, report of special commissioners and all proceedings thereunder, are vacated, annulled, and declared void." It is only the judgment and the report of the commissioners and the proceedings thereunder which are vacated. It says nothing as to the institution of the proceedings upon the application by the city to condemn the land. We held that, as Mrs. Crawford was at that time a minor, it was not necessary, as a condition precedent, to allege or show a failure to agree with her; that such failure would not be sufficient to set aside the judgment. Mrs. Crawford's disabilities as a minor are now removed. The reason that then applied would not now apply. The authorities, as we pointed out, on this question are not in harmony; that is, as to showing the necessity of the failure to agree before instituting the proceedings. It was not then, and is not now, as we conceive it, necessary to decide that question in order to dispose of this case. We cited several decisions from this state which were called to our attention, bearing, as we thought, upon the question. As suggested, the city must institute condemnation proceedings, and, as we understand, it was for it to determine what course it should pursue—whether it would first seek an agreement with Mrs. Crawford, or would file a new application, or proceed under the old petition. We did not believe that it was necessary for Mrs. Crawford to allege and show or request that a hearing be had upon the old petition. We did not feel, and do not now think, it our duty to direct the course which should be pursued. Certainly the city cannot take Mrs. Crawford's land without condemning it by a proper judgment. If it does not see proper to institute proceedings for that purpose, she can sue for her interest. Should the city be able to show that it has all her title, by condemning the property as that of others, and paying therefor, it doubtless can defeat

Mrs. Crawford in a recovery of the land or damages.

[13] A suit for the land or for damages may force the city to take the statutory method of condemnation, or proceed under article 6531, Vernon's Sayles' Civil Statutes. Railway Co. v. Benitos, 59 Tex. 326; Railway Co. v. Ortiz, 75 Tex. 602, 12 S. W. 1129. But these statutes and decisions are a long way from holding that the owner of land can institute condemnation proceedings. The city, having a void judgment, did not acquire thereunder the appellee's land. She had a right to show this judgment was obtained without jurisdiction over her person; but, as we believe, she was not required in setting aside that judgment, as a piece of evidence against her title, to ask that the city proceed to condemn. This, as we believe, was not necessary to her rights, under the statutes and decisions of our courts. However, if the city desires so to proceed, that is for its determination, and the question presented by appellant in its motion may then properly be determined; but we think it was not necessary on this appeal that we should attempt to forestall any course of action the city may take or any decision that might be made on such action.

We believe the case was properly disposed of by the trial court, and the motion for rehearing is overruled.