## WILSON et al. v. NEWTON COUNTY et al. (No. 1184.)

(Court of Civil Appeals of Texas. Beaumont. Feb. 9, 1925.)

**1. Eminent domain ☞180—Condemnation judgment void for lack of jurisdiction when owner not served.**

Where land sought to be condemned was separate property of wife, and occupied by husband and wife as homestead, condemnation judgment in which husband alone was served with notice *held* void for lack of jurisdiction.

**2. Husband and wife ☞224—Husband not agent for wife for service of process in condemnation proceeding.**

A husband is not agent of wife by implication of law to accept service of process in condemnation proceeding, and evidence that he looks after the wife's property, renders it for taxes, pays taxes, and has built a fence thereon, raises no issue of agency.

**3. Husband and wife ☞224—Service on husband, as agent of wife, not valid where not directed to her, to be served on agent.**

Service on husband as party to condemnation proceedings *held* not valid service as to wife, even if he was her agent, where not directed to her, to be executed by service upon her agent.

**4. Eminent domain ☞241 — Variance between description of land in application for condemnation and judgment of condemnation fatal.**

Where description of land in condemnation judgment varied from description in application therefor, judgment *held* void, consideration, in condemnation proceedings, of different portion than land described, being without authority in law.

**5. Eminent domain ☞241—Condemnation judgment void for vagueness of description of land condemned.**

Condemnation judgment *held* void, where beginning point of description of land condemned was described as "about 50 feet perpendicular distance" from a boundary line, which, with other vagueness, rendered location of land impossible.

**6. Eminent domain ☞271—Entry of land under condemnation judgment, before compensation paid, held actionable trespass.**

Entry on land condemned for highway before damages assessed had been paid or deposited to order of owner of premises condemned, as required under Vernon's Sayles' Ann. Civ. St. 1914, arts. 6882, 6883, *held* actionable trespass.

**7. Eminent domain ☞136, 145(1)—Damages under valid condemnation judgment defined; benefits greater than damage not to be set off against value of land condemned.**

Under valid condemnation judgment, damages are market value of land taken for road, plus damage to remainder of land from construction of road, less benefits thereto, but such benefits, if greater than damage to land not condemned, cannot be set off against value of land condemned, in view of Vernon's Sayles' Ann. Civ. St. 1914, arts. 6520, 6521.

**8. Eminent domain ☞271—Damages for construction of road under void condemnation judgment defined.**

Damages for construction of road under void condemnation judgment, *held* to be amount of damage to land suffered by construction of road over it.

**9. Eminent domain ☞271—Damages for mental suffering from unlawful trespass not recoverable.**

Where owner of land was sick and road was constructed over it under void condemnation judgment of which she had no notice, damages for physical and mental suffering therefrom *held* not recoverable.

Appeal from Newton County Court; J. O. Ramsey, Judge.

Suit by Minnie Wilson and another against Newton County and others to set aside judgment in condemnation proceedings. From a judgment sustaining the proceedings, plaintiffs appeal. Reversed and remanded, with directions.

Dies, Stephenson & Dies, of Orange, for appellants.

Morris & Barnes, of Beaumont, and W. H. Hall, County Atty., of Newton, for appellees.

O'QUINN, J. This suit was filed in the county court of Newton county by Minnie Wilson, joined by her husband, J. K. Wilson, against Newton county, and the commissioners' court of said county, to set aside and hold for naught certain condemnation proceedings and the judgment thereunder, condemning land belonging to the said Minnie Wilson for public road purposes. The judgment condemning the land was rendered on the 13th day of August, 1923, and appellants filed this suit on August 22, 1923. Judgment was rendered sustaining the condemnation proceedings, and appellants bring this appeal.

[1] We think that appellants' contention that the condemnation judgment is a nullity because the court was without jurisdiction to render same should be sustained. The undisputed evidence shows that the land sought to be condemned was the separate property of appellant Minnie Wilson, and also was the homestead of appellants. Also

that Minnie Wilson was not served with notice of the condemnation proceedings. Notice to the owner of land sought to be condemned is jurisdictional, and a judgment had without such notice served as the law requires is void. Parker v. Railway Co., 84 Tex. 333, 19 S. W. 518; McIntire v. Lucker, 77 Tex. 259, 13 S. W. 1027; Adams v. San Angelo Waterworks Co. (Tex. Civ. App.) 25 S. W. 165; Cummings v. Kendall County, 7 Tex. Civ. App. 164, 26 S. W. 439; City of Dallas v. Crawford (Tex. Civ. App.) 222 S. W. 305; Crawford v. Frio County (Tex. Civ. App.) 153 S. W. 388; Cooke County v. Dudenhaffer (Tex. Civ. App.) 196 S. W. 976.

[2, 3] The sheriff of Newton county served J. K. Wilson with notice of the proceedings, and testified, substantially, that at the time he served J. K. Wilson that Wilson told him that Mrs. Wilson was very ill and that her mental condition was bad, and that she was not in a condition to be disturbed, and that he then told Wilson that he would not serve her with the notice, but that he would mail it to Wilson at their home, and that he could give the notice to Mrs. Wilson, and that he later did mail the notice to Wilson and received a letter from Wilson that he had received it and that it would be all right. Wilson admitted getting the notice that the sheriff mailed him for his wife, but says that because of her condition he did not give it to her nor tell her anything about it, and that in fact she knew nothing of the proceedings. Mrs. Wilson testified that she was not served with the notice, and that she did not know anything about it; that her husband did not tell her anything about the matter; that she was not present at the condemnation hearing; and did not authorize her husband or any other person to represent her at said hearing. Appellees tried to avoid the force of this by showing that J. K. Wilson, husband of Minnie Wilson, looked after the land, rendered it for taxes, and had paid the taxes on it several times, and had built a fence around portions of it, contending that these acts constituted Wilson the agent of his wife, and that service on him was therefore sufficient. Wilson denied that he was in any manner authorized by his wife to act for her in the premises, and said that he had "been looking after this land as any other husband would look after his wife's land." There was no proof, other than the above stated, that he was her agent for any purpose. The evidence did not raise the issue of agency, and, further, the husband is not by implication of law the agent of the wife. Magee v. White, 23 Tex. 195; Ethridge v. Price, 73 Tex. 602, 11 S. W. 1039. Moreover, for the service upon an agent to be good as service upon the principal the process must be directed to the principal to be executed by service upon the agent (Evans v. Life Stock & Land Co., 81 Tex. 622, 17 S. W. 232), which, in the instant case, was not pretended to have been done, but Wilson was served independently as a party to the suit, and separate notice to Mrs. Wilson issued, but not served or in any manner called to her attention. Mrs. Wilson was a necessary party to the proceedings, and, such being true, the notice must have been served upon her personally, and not by delivery to her husband. Shelby v. Perrin, 18 Tex. 515.

[4] The judgment condemning the land is void for the further reasons:

(a) There is a fatal variance between the description of the land sought to be condemned, as shown in the application and order for condemnation, and the description of the land actually condemned, as shown by the judgment of condemnation. The land is described in the application and order for condemnation as follows:

"Being a part of the N. H. Cochran survey situated in Newton county, Tex., and being a strip 60 feet in width and beginning at a point where the Newton and Orange public road crosses the J. & E. Railway track west of Bleakwood, Tex. Thence in a southerly direction to the O. & N. W. Ry. track, a distance of about 500 yards. Thence from said railway track in a southerly direction to a point where the new grade stops on the Newton and Orange public road."

The description of the land condemned, as shown by the report of the special commissioners and the judgment of condemnation, is:

"Being a part of the N. H. Cochran survey situated in Newton county, Tex., and described as follows: Being a strip 60 feet in width and beginning at a point in the old Newton and Orange public road, at about 50 feet perpendicular distance from the south boundary line of the J. & E. Railroad right of way west of the town of Bleakwood; thence in a southeasterly direction at 1,311 feet intersected the west boundary line of the O. & N. W. Ry. right of way, at about 1,431 feet to the east line of said O. & N. W. right of way, at 2,083 feet to a point where the new grade stops on the Newton and Orange public road, and at the south line of the land owned by the said J. K. Wilson and Minnie Wilson, containing in said strip 2.69 acres of land, exclusive of land included in the above description by the O. & N. W. Ry. right of way."

It is apparent that the land condemned, if it could at all be located by the description, was different from that described in the application and order for condemnation. There having been no application for condemnation of the land actually adjudged as condemned, and no order for condemnation of same, and no notice to the owner of the intent of the county to condemn the land actually adjudged as condemned, the court was without jurisdiction to pass upon the condemnation of the latter tract. The special commissioners must consider, pass upon, and condemn the land sought to be condemned in the petition, and

notice of which is given as required by law to the owners. The consideration of and order condemning another and different portion of land is without authority in law, and void. Parker v. Railway Co., 84 Tex. 337, 338, 19 S. W. 518; Hankamer v. Commissioners' Court (Tex. Civ. App.) 154 S. W. 623; Lester v. Railway Co. (Tex. Civ. App.) 26 S. W. 166.

[5] (b) Moreover, the judgment of condemnation is void because under the description given in the judgment, it is impossible to locate the land adjudged to be condemned. It calls to begin "at a point in the old Newton and Orange public road *at about 50 feet perpendicular distance from* the south boundary line of the J. & E. Railroad right of way west of the town of Bleakwood." Just what was meant by the expression "at about 50 feet perpendicular distance from," etc., we are unable to understand, but as it was used in describing the land adjudged to be condemned in both the report of the special commissioners and in the judgment of the court ,adopting their report, it must have been used advisedly, the force and preciseness · of its use escaping us. The beginning point of the tract adjudged condemned is an impossible point, and with the other vagueness of description renders it impossible to locate the land condemned, and hence the judgment of condemnation is void. Adams v. San Angelo Waterworks Co., 86 Tex. 485, 25 S. W. 605; Parker v. Railway Co., 84 Tex. 333, 19 S. W. 518.

[6] After the judgment condemning the land was rendered, appellees took possession of the land and proceeded to construct a public road thereon. It does not appear that the amount of damages which the special commissioners found in favor of appellants, $47.10, was either paid or offered to be paid to appellants, or deposited to their order. Under the law, possession of the condemned premises could not be taken until the damages as found by the special commissioners were either paid to the owners of the premises condemned or deposited to their order. Articles 6882, 6883, Vernon's Sayles' Civil Statutes 1914. The possession thus taken was unlawful and the acts committed a trespass for which appellants are entitled to recover such damages as they may show themselves to have suffered. City of East Dallas v. Barksdale, 83 Tex. 117, 122, 18 S. W. 329; Railway Co. v. Cave, 80 Tex. 137, 15 S. W. 786; Railway Co. v. Ruby, 80 Tex. 172, 15 S. W. 1040; Railway Co. v. Benitos, 59 Tex. 326; Railway Co. v. Ortiz, 75 Tex. 602, 606, 12 S. W. 1129.

[7, 8] If the land had been lawfully condemned, the measure of appellants' damages would have been the market cash value of the land actually taken, with such additional damages as resulted to the remainder of the land from the construction and operation of the road, from which might be deducted the value of the benefits, if any, which accrued to the remainder of the land by reason of the location, construction, and operation of the road, the resulting injuries or benefits being peculiar to and affecting only the owner of such lands, and not such resulting injuries or benefits as are common to property generally in the community. Articles 6520, 6521, Vernon's Sayles' Civil Statutes. But, in any event, the owner is entitled to receive the value of the land actually taken, and should the benefits, if any, that accrue to the remainder of the land be greater than the damages to the remainder by reason of the taking, then, and in that event, such excess benefits cannot be set off against the value of the land actually taken. Dulaney v. Nolan County, 85 Tex. 225, 20 S. W. 70. However, in the instant case, as the judgment of condemnation is void, there was no land actually taken, and so the amount of the recovery to which appellants will be entitled is the amount of the damages to the land suffered by the construction of the road and its operation on and over the land. City of East Dallas v. Barksdale, 83 Tex. 117, 122, 18 S. W. 329; Railway Co. v. Cave, 80 Tex. 137, 15 S. W. 786; Railway Co. v. Ruby, 80 Tex. 172, 15 S. W. 1040; Railway Co. v. Benitos, 59 Tex. 326; Railway Co. v. Ortiz, 75 Tex. 602, 606, 12 S. W. 1129.

[9] Appellants, in their petition, claim damages against appellees in the sum of $1,-000—$500 for damage done to the land actually appropriated by appellees and by the trespassing upon the premises by the commissioners' court and the public under its authority; $200 damages to the adjoining lands of appellants by reason of the unlawful construction of said road; and $300 damages for physical and mental suffering of appellant Minnie Wilson, alleged to have been occasioned by the unlawful trespass committed by appellees. It is not believed that the damages claimed by appellants, $300, for the mental and physical suffering of appellant Minnie Wilson, alleged to have been occasioned by the unlawful trespass committed by appellees, are such damages as may be recovered for the trespass in the attempted condemnation, construction, and operation of a public road on and across the land.

Other questions are presented, but we do not deem it necessary to discuss them. The judgment is reversed and the cause remanded for trial on the question of damages, in accordance with this opinion.

Reversed and remanded.