TEXAS & PACIFIC RAILWAY COMPANY V. J. E. FORD ET AL.

No. 666.

1. **Trespass to Try Title with Cross Plea for Condemnation—Withdrawal of Plea.**—Plaintiff sued in trespass to try title for a strip of land occupied by the defendant railway company, and defendant pleaded the general issue of not guilty, also that it had acquired the right of way by user of ten years, and in the alternative, a plea asking the condemnation of the land. After the evidence was in and the argument begun, defendant asked leave to withdraw the plea, which the court refused, and proceeded to render judgment for title for plaintiff, and to condemn the land for defendant, assessing the damages therefor. *Held,* that since, under the statute (Acts of 1889, p. 18), the plea for condemnation was an admission of plaintiff's title, disposing of the issues relating thereto, it would have materially and prejudicially changed plaintiff's attitude to have permitted a withdrawal of the plea at that stage, with full benefit of the withdrawal.

2. **Same—Abandonment of Plea—Judgment Reformed.**—The defendant had a right, however, to wholly abandon such plea, and should not be compelled to accept the condemnation over its wish and protest; and the judgment is therefore reformed by omitting that part of it.

APPEAL from Harrison. Tried below before Hon. W. J. GRAHAM.

*F. H. Prendergast,* for appellant.—1. The right to condemn is given to the company only, and not to the land owner. Rev. Stats., art. 4182; Railway v. Benitos, 59 Texas, 328.

2. The plaintiffs being the actors in the condemnation proceeding, could withdraw their plea at any time before the jury had retired. Rev. Stats., art. 1301; Railway v. Gates, 30 Am. and Eng. Ry. Cases, 268.

*T. P. Young,* for appellees.—1. The Act of 1889, allowing the defendant in this class of actions to file a cross-bill and ask for condemnation, provides that such a cross-bill shall be an admission of plaintiff's title. Such being the case, it is obviously improper to allow the defendant's admission of the plaintiff's title to be withdrawn after the trial had commenced. Sayles' Addenda, 1888–89, art. 4205, p. 386.

2. The refusal of a trial judge to allow an amendment of the pleadings after trial has commenced will not be revised, unless there has been a clear abuse of judicial discretion. Foster v. Smith, 66 Texas, 681.

FINLEY, ASSOCIATE JUSTICE.—This suit was instituted by J. E. Ford and wife against the Texas & Pacific Railway Company, in the usual form of trespass to try title, and for damages. The land sued for was a strip 100 feet wide and 700 yards long, occupied and inclosed by the railway company as its right of way.

The railway company answered to the merits, as follows:

1. General denial and plea of not guilty.

2. That it had acquired the right of way over the land by more than ten years' occupation.

3. It prayed in the alternative for condemnation of the land sued for.                                                                    •

The case was tried by the submission of special issues of fact to the jury, and upon the special findings judgment was entered decreeing title to be in plaintiffs, and condemning the land for the use of the railway company, for which.it was adjudged to pay $176.31. A strip twelve feet wide and 700 yards long, which had been occupied by the roadbed for more than twenty years, and which appellees admitted had been conveyed to the railway company by their ancestor, under whom they claimed, was awarded to the railway company without the payment of damages therefor. From this judgment the railway company has appealed.

Upon the trial, after all the evidence had been introduced, and while the argument before the jury was in progress, counsel for the defendant railway company asked leave of the court to withdraw its plea for condemnation. The court refused to allow the withdrawal of the plea, and thus, over the protest of the defendant, proceeded to condemn the land for the use of the company.

Article 4205, Acts of 1889, p. 18, provides: "When any railroad company is sued for any property occupied by it for railroad purposes, or for damages thereto, the court in which such suit is pending may determine all matters in dispute between the parties, including the condemnation of the property, upon petition or cross-bill asking such remedy by defendant, but the plea for condemnation shall be an admission of the plaintiff's title to such property."

The effect of the alternative plea for condemnation of the property, under the statute, was the admission of the plaintiffs' title thereto. It disposed of the issue of title arising under plaintiffs' petition, and the defendant's plea of not guilty and the statute of limitations, by admitting title to the land to be in plaintiffs. Upon this state of the case the parties went to trial, introducing their evidence, and after the argument before the jury was in progress, the defendant asked to abandon its prayer for condemnation.

Very large discretion is vested in the trial court in allowing amendment of pleadings out of the due order of time; and the exercise of such discretion will not be revised, unless clearly abused. Foster v. Smith, 66 Texas, 681.

To have permitted the withdrawal of the plea for condemnation at that stage of the trial and given the defendant the full benefit of such withdrawal, would have materially changed plaintiffs' attitude, by putting them upon proof of their title. This we think would have been clearly wrong. But was it right to condemn land for the defendant and make it pay for it, when it abandoned its request for condemnation? Should the court reach out and condemn property for the railway company against its protest? The right to condemn land is

given to the railroad company. Rev. Stats., art. 4182; Railway v. Benitos, 59 Texas, 328. In a regular statutory proceeding of condemnation the railway company is the actor, and could dismiss the proceeding at any time before the retirement of the jury. Article 1301. The Act of 1889 is intended to give to the railway company the right to condemn in proceedings instituted by the land owner to recover the land, or for damages. In some States it is held, that the railway may abandon the condemnation proceedings up to the time the land owner's right to the damages becomes fixed. Railway v. Lamborn, 23 Am. and Eng. Ry. Cases, 118; Railway v. Gates, 30 Am. and Eng. Ry. Cases, 268; Schseiher v. Railway, Am. and Eng. Ry. cases, 130; Mills on Em. Dom., secs. 311, 315.

We do not think the court erred in refusing to allow the withdrawal of the plea for condemnation in so far as it affected the right of plaintiffs to recover under the admission of title. We think, however, that the court should have given effect to the abandonment of the relief sought, in so far as the condemnation of the property was concerned. The plaintiffs should have been permitted to recover the land, except the twelve feet strip covered by the roadbed, which they admitted had been conveyed to the railway company by their ancestor, under whom they claimed; and the prayer for condemnation should have been treated as abandoned by the railway company.

The case is fully before us by pleadings and special findings of the jury, uncontested, and appellant still urges before this court its right and desire to abandon the plea for condemnation. The judgment will therefore be reformed, and here rendered for the plaintiffs for the land sued for, except the strip twelve feet wide and 700 yards long, occupied by the roadbed. Appellant did not ask such reformation of the judgment in the court below, and for that reason should pay the costs of appeal.

Reformed and rendered, at cost of appellant.

*Reformed and rendered.*

Delivered January 30, 1895.