F. G. CRESWELL V. THE STATE.

*No. 1071. Decided March 3rd, 1897.*

*Motion for Rehearing Decided March 24th, 1897.*

**1. Unlawfully Carrying a Pistol—"Traveler."**

On a trial for unlawfully carrying a pistol, where the testimony was that defendant had gone some eighteen miles to borrow some money and was on his way back home when he was found with the pistol. Held: Very questionable whether or not he could be considered a traveler.

**2. Same—Evidence of Similar Acts.**

On a trial for unlawfully carrying a pistol, where it was objected that the State

was permitted to prove by defendant, on cross-examination, that he had frequently carried a pistol. Held: No error is made to appear in the absence of a showing of the circumstances under which the evidence was admitted.

ON MOTION FOR REHEARING.

3. Final Judgment—Must Show That Evidence Was Introduced on the Trial.

Art. 831, Code Crim. Proc., prescribes the requisites of a final judgment, and subdivision 5 of said Article, requires that the judgment should show that evidence was introduced.

APPEAL from the County Court of Palo Pinto. Tried below before Hon. D. M. HOOD, County Judge.

Appeal from a conviction for unlawfully carrying a pistol; penalty, a fine of $25.

The recitation in the final judgment in the trial court is: "And the defendant, F. G. Creswell, pleaded not guilty to the information and waived a trial by jury and submitted the decision of the cause to the court, and the court, having heard the information read and the defendant's plea of not guilty thereto, finds that the said defendant is guilty of the offense charged in the said information, and assesses the punishment at a fine of twenty-five dollars," etc.

*W. M. Wallace* and *H. E. Bradford*, for appellant.

*Mann Trice*, Assistant Attorney-General, for the State.

HURT, PRESIDING JUDGE.—Appellant was convicted of unlawfully carrying a pistol on and about his person, and his punishment assessed at a fine of $25; hence this appeal. Appellant claims that he ought not to have been convicted, because he was a traveler. There was some testimony tending to show that he was a traveler; that is, appellant himself testified that he had gone some eighteen miles to borrow some money, and was on his way back home when he was found with the pistol; and he also stated that he was carrying it because one Jim Cole had threatened him, and he was carrying the pistol to defend himself, but he does not show that the attack was so imminent as that he did not have time or opportunity to place said Cole under a peace bond. Evidently the court considered the theory that he was a traveler; but, even if it be treated as he states, it is questionable whether or not he could be considered a traveler. See, Darby v. State, 23 Tex. Crim. App., 407, and Stanfield v. State, 34 S. W. Rep., 116. It is also objected that testimony was admitted by the court on the cross-examination of appellant, who was a witness on his own behalf, to the effect that he had frequently carried a pistol to the Knights of Pythias Lodge at Strawn, because he had to go through the mines, and was afraid. It is not shown under what circumstances this testimony was admitted. It may have been admissible to contradict some statement made by appellant on direct examination, to the effect that he had never carried a pistol

on any other occasion than the one for which he was convicted. At least, the bill does not show that the court committed any error in admitting this testimony. The judgment is affirmed.

*Affirmed.*

---

### ON MOTION FOR REHEARING.

HURT, PRESIDING JUDGE.—On motion for rehearing our attention for the first time has been called to a defect in the judgment. The judgment fails to show that evidence was introduced on the trial. The requisites of a final judgment are shown by Art. 831, Code Crim. Proc., which provides: "A final judgment is the declaration of the court entered of record, showing: * * * (5) The submission of the evidence. * * *" This article requires that the judgment should show that evidence was introduced. For this error the judgment is reversed, and the cause remanded.

*Reversed and Remanded.*