

# THE ATTORNEY GENERAL
## OF TEXAS

JIM MATTOX
ATTORNEY GENERAL

December 21, 1990

Honorable William C. Wilson
Major General, TXARNG
Adjutant General's Department
P. O. Box 5218
Austin, Texas   78763-5218

Opinion No.   JM-1271

Re:  Authority of an employee of the Adjutant General's Department to carry a handgun while in the course and scope of his employment   (RQ-2166)

Dear General Wilson:

You have requested our opinion regarding whether a particular employee of the Adjutant General's Department may lawfully carry a handgun while performing his duties on premises under control of the department and while traveling to and from those premises.

Section 46.02 of the Penal Code provides:  "[A] person commits an offense if he intentionally, knowingly, or recklessly carries on or about his person a handgun, illegal knife, or club."  Section 46.03 states:

(a)  The provisions of  section 46.02 do  not apply to a person:

(1) in the actual discharge of his official duties as  a member  of  the armed  forces  or national guard or a guard employed by a  penal institution;

(2) on his own  premises or premises  under his control unless he is an employee or  agent of the owner of  the premises and his  primary responsibility is to act in the capacity of  a security guard to protect persons or property, in which event he must comply with Subdivision (5) of this subsection;

(3) traveling;

(4) engaging in lawful hunting, fishing, or other sporting  activity if  the weapon  is  a type commonly used in the activity;

(5) who holds a security officer commission issued by the Texas Board of Private Investigators and Private Security Agencies, if:

(A) he is engaged in the performance of his duties as a security officer or traveling to and from his place of assignment;

(B) he is wearing a distinctive uniform; and

(C) the weapon is in plain view; or

(6) who is a peace officer, other than a person commissioned by the Texas State Board of Pharmacy.

In 1989, the legislature added the following provision to the adjutant general's duties under section 431.029 of the Government Code:

The adjutant general shall:

. . . .

(12) employ and arm persons as public security officers licensed under Chapter 415, Government Code, for the purposes of protecting property that is under the adjutant general's authority and satisfying applicable security requirements established by the secretaries of the army and air force.

Acts 1989, 71st Leg., ch. 336, § 1, at 1303.

You indicate that the individual in question holds a license, under chapter 415 of the Government Code, from the Commission on Law Enforcement Officer Standards and Education. Such a license does not, however, make a person a peace officer and therefore does not authorize him to carry a handgun. You ask then by what authority the public security officer may carry a handgun.

In our opinion, subsection (12) of section 431.029 of the Government Code, by authorizing the adjutant general to "employ and arm persons as public security officers," acts as an additional exception to section 46.02 of the Penal Code. It is well established that any potential conflict between two statutory provisions should be harmonized if

possible and effect  given to each.   Ex parte Harrell,  542 S.W.2d 169 (Tex.  Crim. App. 1976);  Trinity Universal  Ins. Co. v. McLaughlin,  373 S.W.2d  66 (Tex. Civ.  App. - 1963, writ ref'd  n.r.e.).   Thus,  it appears that  the public security officer may  carry a handgun  while performing  his duties on premises under your control.  Although  subsection (a)(3) of  section  46.03  of the  Penal Code  specifically excepts from section  46.02 any person  who is  "traveling," this provision  has  been  repeatedly  held  not  to  except persons who leave on a journey and return home the same day. See Vogt v. State,  258  S.W.2d 795 (Tex. Crim. App.),  cert. denied,  346 U.S.  901  (1953);  George v.  State,  234 S.W.  87 (Tex. Crim.  App. 1921);  Creswell v. State,  39 S.W. 372 (Tex. Crim. App.),  rev'd on other grounds,  39 S.W. 935 (Tex. Crim. App. 1897).  As a result,  the traveling exception does  not apply to this individual.

As to  your second  question,  since the  authority  to "arm" the public  security officer  derives from  subsection (12) of section 431.029  of the Government  Code, he is  not required to comply with any of the provisions applicable  to licensed  security  officers  under  subsection  (a)(5)  of section 46.03.

### S U M M A R Y

A public security  officer employed by  the Adjutant  General's  Department  may  lawfully carry a handgun while performing his  official duties on premises  under the  control of  the adjutant general, but  not while traveling  to and from those premises, without the necessity of obtaining a  commission from  the Board  of Private  Investigators  and  Private  Security Agencies.

Very truly yours,

JIM  MATTOX
Attorney General of Texas

MARY KELLER
First Assistant Attorney General

LOU MCCREARY
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RENEA HICKS
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Rick Gilpin
Assistant Attorney General