Honorable William C. Wilson Major General, TXARNG Adjutant General's Department P.O. Box 5218 Austin, Texas 78763-5218
Re: Authority of an employee of the Adjutant General's Department to carry a handgun while in the course and scope of his employment (RQ-2166)
Dear General Wilson:
 You have requested our opinion regarding whether a particular employee of the Adjutant General's Department may lawfully carry a handgun while performing his duties on premises under control of the department and while traveling to and from those premises.
Section 46.02 of the Penal Code provides: "[A] person commits an offense if he intentionally, knowingly, or recklessly carries on or about his person a handgun, illegal knife, or club." Section 46.03 states:
(a) The provisions of section 46.02 do not apply to a person:
 (1) in the actual discharge of his official duties as a member of the armed forces or national guard or a guard employed by a penal institution;
 (2) on his own premises or premises under his control unless he is an employee or agent of the owner of the premises and his primary responsibility is to act in the capacity of a security guard to protect persons or property, in which event he must comply with Subdivision (5) of this subsection;
(3) traveling;
 (4) engaging in lawful hunting, fishing, or other sporting activity if the weapon is a type commonly used in the activity;
 (5) who holds a security officer commission issued by the Texas Board of Private Investigators and Private Security Agencies, if:
 (A) he is engaged in the performance of his duties as a security officer or traveling to and from his place of assignment;
(B) he is wearing a distinctive uniform; and
(C) the weapon is in plain view; or
 (6) who is a peace officer, other than a person commissioned by the Texas State Board of Pharmacy.
In 1989, the legislature added the following provision to the adjutant general's duties under section 431.029 of the Government Code:
The adjutant general shall:
. . . .
 (12) employ and arm persons as public security officers licensed under Chapter 415, Government Code, for the purposes of protecting property that is under the adjutant general's authority and satisfying applicable security requirements established by the secretaries of the army and air force.
Acts 1989, 71st Leg., ch. 336, § 1, at 1303.
You indicate that the individual in question holds a license, under chapter 415 of the Government Code, from the Commission on Law Enforcement Officer Standards and Education. Such a license does not, however, make a person a peace officer and therefore does not authorize him to carry a handgun. You ask then by what authority the public security officer may carry a handgun.
In our opinion, subsection (12) of section 431.029 of the Government Code, by authorizing the adjutant general to "employ and arm persons as public security officers," acts as an additional exception to section 46.02 of the Penal Code. It is well established that any potential conflict between two statutory provisions should be harmonized if possible and effect given to each. Ex parte Harrell, 542 S.W.2d 169 (Tex.Crim.App. 1976); Trinity Universal Ins. Co. v. McLaughlin, 373 S.W.2d 66
(Tex.Civ.App.-1963, writ ref'd n.r.e.). Thus, it appears that the public security officer may carry a handgun while performing his duties on premises under your control. Although subsection (a)(3) of section 46.03 of the Penal Code specifically excepts from section 46.02 any person who is "traveling," this provision has been repeatedly held not to except persons who leave on a journey and return home the same day. See Vogt v. State, 258 S.W.2d 795
(Tex.Crim.App.), cert. denied, 346 U.S. 901 (1953); George v. State, 234 S.W. 87 (Tex.Crim.App. 1921); Creswell v. State,39 S.W. 372 (Tex.Crim.App.), rev'd on other grounds, 39 S.W. 935
(Tex.Crim.App. 1897). As a result, the traveling exception does not apply to this individual.
As to your second question, since the authority to "arm" the public security officer derives from subsection (12) of section431.029 of the Government Code, he is not required to comply with any of the provisions applicable to licensed security officers under subsection (a)(5) of section 46.03.
 SUMMARY
A public security officer employed by the Adjutant General's Department may lawfully carry a handgun while performing his official duties on premises under the control of the adjutant general, but not while traveling to and from those premises, without the necessity of obtaining a commission from the Board of Private Investigators and Private Security Agencies.
Very truly yours,
 Jim Mattox Attorney General of Texas
 Mary Keller First Assistant Attorney General
 Lou McCreary Executive Assistant Attorney General
 Judge Zollie Steakley Special Assistant Attorney General
 Renea Hicks Special Assistant Attorney General
 Rick Gilpin Chairman, Opinion Committee
 Prepared by Rick Gilpin Assistant Attorney General